**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM CLOYD** <br><br>    **v.** <br><br> **DELAWARE COUNTY, ET AL.** | **CIVIL ACTION** <br><br><br> **NO. 14-4833** |

<u>**MEMORANDUM RE DEFENDANTS' MOTIONS TO DISMISS**</u>

**Baylson, J.**                                                                                                    **March 23, 2015**

     This case involves allegations that Plaintiff William Cloyd, a pretrial detainee at a Delaware County, Pennsylvania, correctional facility, was assaulted by correctional officers, suffered a broken wrist, and was denied adequate medical care for that injury. Two separate sets of Defendants have filed motions to dismiss Cloyd's claims under Federal Rule of Civil Procedure 12(b)(6). Defendants Delaware County and Community Education Center, Inc. ("CEC") move to dismiss Plaintiff's claim under <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978) and 42 U.S.C. § 1983 and to strike Plaintiff's claim for punitive damages (ECF 13). Defendants Dr. Ronald Phillips, Holly Craig, CRNP, and Kelly Mullan, PA-C[1] (the "Medical Provider Defendants") move to dismiss Plaintiff's claims under § 1983 for provision of inadequate medical care in violation of the Fourteenth Amendment, under Pennsylvania state law for negligence, and for punitive damages (ECF 14). The Court will grant Defendants' motions to dismiss without prejudice, with leave to amend.

### I. Facts and Procedural History

     Plaintiff alleges that on August 19, 2012, shortly after being incarcerated at George W. Hill Correctional Facility, a prison operated by Defendant Delaware County, he was attacked by

---

[1] Ms. Mullan is incorrectly identified in Plaintiff's Amended Complaint as Kelly Mutian, PAC.

another inmate.  In response to the attack, Plaintiff alleges that he was assaulted by several correctional officers and suffered a broken wrist.  See ECF 12, Pl.'s Amended Complaint ¶ 20. Plaintiff contends he told correctional officers that he was in pain, his wrist was broken, and he needed immediate medical attention.  Id. ¶¶ 22-23.  Plaintiff claims he was not taken to the medical department for care or treatment of his wrist, but he was instead taken to isolation for ten days, despite repeated complaints to prison officials that he was in need of medical treatment. Id. ¶¶ 24-25.

After being released from isolation, Plaintiff alleges he was transferred to a medical max unit, but he contends that he did not receive medical treatment for approximately three weeks, until he was given an x-ray of his wrist.  Id. ¶¶ 26-27.  Plaintiff contends Defendant Dr. Marc Awobuluyi and/or other unidentified physician Defendants, who reviewed the x-ray, negligently and/or intentionally misrepresented that the x-ray of Plaintiff's wrist did not indicate a fracture, notwithstanding that Plaintiff's wrist was obviously broken and/or injured and Plaintiff was obviously in need of medical treatment.  Id. ¶ 28.  Plaintiff alleges Defendants refused to provide him with any medical care or treatment of his wrist, including the failure to immobilize his wrist and to provide him with pain medication.  Id.

On September 19, 2012, Plaintiff was released.  Id. ¶ 34.  Upon his release, Plaintiff had his wrist x-rayed at Delaware County Memorial Hospital, where Plaintiff alleges he was diagnosed with multiple fractures that had improperly healed and required surgery.  Id. ¶ 35. Plaintiff alleges he underwent two surgeries and will require additional surgeries.  Id. ¶¶ 36-37.

On August 18, 2014, Plaintiff filed a Complaint against Delaware County, CEC,[2] the

---

[2] Plaintiff alleges CEC is contracted by Defendant Delaware County to provide medical care to inmates at the Hill Correctional Facility and is subject to suit under Monell and § 1983.  See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 578 (3d Cir. 2003) (applying Monell to a suit against "a private company that provides health services to . . . inmates").  Defendants do not contest that CEC is subject to suit under Monell and § 1983.

Medical Provider Defendants, Dr. Awobuluyi, unidentified physicians and medical staff employees, and unidentified correctional officers.  On October 14, 2014, Defendants Delaware County and CEC filed a motion to dismiss (ECF 10), and on October 17, 2014, the Medical Provider Defendants filed a motion to dismiss (ECF 11).

On October 30, 2014, Plaintiff filed an Amended Complaint (ECF 12).  Plaintiffs' five-count Amended Complaint alleges (1) unconstitutional use of force by the unidentified correctional officers under 42 U.S.C. § 1983; (2) bystander liability against the unidentified correctional officers under 42 U.S.C. § 1983; (3) provision of inadequate medical care against the Medical Provider Defendants, Dr. Awobuluyi, and unidentified physicians and medical staff employees under 42 U.S.C. § 1983; (4) Monell liability against Delaware County and CEC under 42 U.S.C. § 1983; and (5) negligence against CEC, Dr. Phillips, Dr. Awobuluyi, and an unidentified physician under Pennsylvania state law.

On November 12, 2014, Defendants Delaware County and CEC moved to dismiss Plaintiff's Monell claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (ECF 13).  Plaintiff filed a response on December 5, 2014 (ECF No. 17).  On November 12, 2014, the Medical Provider Defendants moved to dismiss Plaintiff's claims against them under Fed. R. Civ. P. 12(b)(6) for failure to state claim (ECF No. 14).  Plaintiff filed a response on December 5, 2014 (ECF No. 16), and the Medical Provider Defendants filed a reply on December 10, 2014 (ECF No. 18).

## II. Analysis

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff.  Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations

3

omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

**A.     Delaware County and CEC Motion to Dismiss <u>Monell</u> Claim**

Delaware County and CEC contend that Plaintiff's allegations in Count IV of his Amended Complaint are insufficient to state a claim that his constitutional rights were violated pursuant to a municipal policy or custom.  See Monell, 436 U.S. at 691.[3]  Municipalities are subject to § 1983 liability under Monell only where the municipality itself causes a constitutional violation—a municipality is not subject to *respondeat superior* or vicarious liability under § 1983.  Id.  This holding has been extended to private companies performing municipal functions.  See, e.g., Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003) (holding that a private company providing health services to inmates is acting under color of state law).

"When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." McTernan v. City of York, 564 F.3d 636, 657 (3d Cir. 2009) (internal quotation marks and citation omitted).  "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was."  Id. at 658.  If a plaintiff alleges that he or she was harmed by a custom, as opposed to a formally enacted policy, "[c]ustom requires proof of knowledge and acquiescence by the decisionmaker."  Id.  Failure "to allege conduct by a

---

[3] Plaintiff also brought a failure to train claim under Monell and requested punitive damages.  Delaware County and CEC argue Plaintiff's allegations are insufficient to state a failure to train claim and do not demonstrate willful or malicious conduct as required for an award of punitive damages.  Plaintiff does not contest those arguments. Accordingly, the Court will dismiss the failure to train claim and the punitive damages request with prejudice.

municipal decisionmaker" is "fatal" to a Monell claim.  Id.; Santiago v. Warminster Twp., 629 F.3d 121, 135 & n.11 (3d Cir. 2010) (noting that a plaintiff has "the obligation to plead in some fashion that [the decisionmaker] had final policy making authority, as that is a key element of a Monell claim").  In addition, a plaintiff must establish causation by properly pleading that the municipality's policy or custom "was the source of [his or] her injury."  Santiago, 629 F.3d at 135.

To make out a plausible § 1983 claim that Delaware County and CEC violated Plaintiff's constitutional rights under the Due Process Clause of the Fourteenth Amendment through a municipal policy or custom,[4] Plaintiff must allege (1) what the relevant policies are; (2) the basis Plaintiff has for thinking those policies impacted his medical treatment; or (3) what specific treatment Plaintiff was denied as a result of these policies.  Winslow v. Prison Health Servs., 406 F. App'x 671, 674 (3d Cir. 2011) (not precedential).  Winslow makes clear that cost is a legitimate consideration in determining medical treatment.  Id.

Plaintiff's Amended Complaint alleges three separate customs of Delaware County and CEC that form the basis of his Monell claim:  (1) intentional misreading of x-rays and/or misdiagnosing inmates to avoid providing constitutionally required medical treatment in an effort to save money; (2) intentional delays or denial of constitutionally required medical treatment; and (3) failure to properly investigate matters in which officers or medical staff failed to provide adequate and proper medical care resulting in cruel and unusual punishment.  See ECF 12, Pl.'s Amended Complaint ¶¶ 41-45, 72, 74, 76.  However, Plaintiff offers scant factual evidence substantiating the existence of these customs.  Plaintiff's Amended Complaint does not discuss how long these customs have been in existence or how widespread they are alleged to be.

---

[4] Plaintiff's claim is properly cognizable only under the Due Process Clause of the Fourteenth Amendment because he was a pre-trial detainee when the alleged constitutional violations occurred.  See Natale, 318 F.3d at 581.

Although Plaintiff alleges Dr. Phillips was the decisionmaker at the prison with regard to medical care, Plaintiff alleges no facts showing "knowledge or acquiescence" on the part of Dr. Phillip to these customs. See McTernan, 564 F.3d at 658.

Plaintiff's strongest factual evidence of the existence of these customs is his citation to another case in which an inmate made similar claims against Delaware County and CEC. See Simonds v. Delaware County, No. 13-7565, 2015 WL 289974, at *1 (E.D. Pa. Jan. 21, 2015). In Simonds, an inmate at the same facility at which Plaintiff was incarcerated suffered a fracture while on work release that was diagnosed at a local hospital. She alleged that Delaware County and CEC had custom or policy of denying medical care to inmates near their release dates in order to save costs. Id. That case, however, was dismissed under Rule 12(b)(6) for failure to adequately plead a causal connection between the municipal policy or custom and the inmate's injury. Id. at *5. The same problem is present in this case. Plaintiff fails to allege any facts showing a causal connection between the alleged municipal customs and his inadequate medical care. Viewing the Amended Complaint in the light most favorable to Plaintiff, Plaintiff has not pleaded sufficient facts to show the existence of the alleged municipal customs or to permit a finding that Plaintiff's inadequate medical care was caused by such customs. Unsubstantiated allegations are not enough "to satisfy the 'rigorous standards of culpability and causation' required for municipal liability." McTernan, 564 F.3d at 658 (quoting Bd. of Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 405 (1997)).

The Court will dismiss the allegations against Delaware County and CEC without prejudice, with leave to amend, in order to give Plaintiff another opportunity to state a Monell claim. Plaintiff must come forth with some facts showing the adoption of the policies or customs

at issue, knowledge or acquiescence on the part of a decisionmaker, and some causal connection between the customs and the alleged inadequate medical care.

**B.     Medical Provider Defendants' Motion to Dismiss**

       **1.     Section 1983 Claim Against Medical Provider Defendants**

The Medical Provider Defendants move to dismiss Plaintiff's § 1983 claim, contending that Plaintiff's allegations are insufficient to state a claim that the Medical Provider Defendants' violated Plaintiff's constitutional rights under the Due Process Clause of the Fourteenth Amendment.

Plaintiff is a pretrial detainee whose claims are properly evaluated under the Due Process Clause of the Fourteenth Amendment, not the cruel and unusual punishment clause of the Eighth Amendment. The Eighth Amendment only acts a floor for due process inquiries into medical and non-medical conditions of pre-trial detainees. Hubbard v. Taylor, 399 F.3d 150, 165-67 (3d Cir. 2005). The proper standard for due process inquiries is whether the inadequate medical treatment amounted to punishment prior to an adjudication of guilt. Id. at 158, 166-67 (citing Bell v. Wolfish, 441 U.S. 520 (1979)). Nevertheless, the Third Circuit has continued to use the Eighth Amendment deliberate indifference standard to evaluate claims of inadequate medical care advanced by pretrial detainees. See, e.g., Lenhart v. Pennsylvania, 528 F. App'x 111, 115 (3d Cir. 2013) (not precedential); Brown v. Deparlos, 492 F. App'x 211, 214 (3d Cir. 2012) (not precedential).

Accordingly, in order to state a Fourteenth Amendment claim of inadequate medical care, a plaintiff must allege that a defendant acted with deliberate indifference to his serious medical needs. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 243-44 (1983); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976) (holding the Eighth Amendment is violated by "deliberate

indifference to serious medical needs of prisoners"); Hubbard, 399 F.3d at 166 ("[T]he due process rights of a [pre-trial detainee] are *at least* as great as the Eighth Amendment protections available to a convicted prisoner." (quoting City of Revere, 463 U.S. at 244) (emphasis in original)).

A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.3d 326, 347 (3d Cir. 1987) (internal quotation marks and citation omitted). A "serious medical need" is also one for which the denial of treatment results in "unnecessary and wanton infliction of pain" or permanent disability or loss. Id. (internal quotation marks and citation omitted).

"Deliberate indifference is a 'subjective standard of liability consistent with recklessness as that term is defined in criminal law.'" Natale, 318 F.3d at 582 (quoting Nicini v. Mora, 212 F.3d 798, 811 (3d Cir. 2000)). A finding of deliberate indifference requires proof that a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. The Third Circuit has found deliberate indifference, among other examples, (i) where there was "objective evidence that [a] plaintiff had serious need for medical care," and prison officials ignored that evidence, Nicini, 212 F.3d at 815 n.14; (ii) where "necessary medical treatment is delayed for non-medical reasons," Lanzaro, 834 F.2d at 347, and (iii) where there was evidence of the failure to establish a policy to address the medication needs of inmates during the first 72 hours of their incarceration, Natale, 318 F.3d at 584-85. However, "a complaint that a physician has been negligent in diagnosing and treating a medical condition

8

does not state a valid claim of medical mistreatment." <u>Estelle</u>, 429 U.S. at 106.  Nor does the "mere disagreement as to the proper medical treatment" support a claim of inadequate medical care.  <u>Lanzaro</u>, 834 F.2d at 346.

Plaintiff's Amended Complaint against the Medical Provider Defendants is deficient because it fails to plead specific facts regarding the acts or omissions of each Medical Provider Defendant with regard to Plaintiff's broken wrist.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Plaintiff asserts that he informed the Medical Provider Defendants of his injured wrist, but he provides no facts regarding how or when he communicated that information to the Medical Provider Defendants. Plaintiff contends the Medical Provider Defendants denied him treatment for his injured wrist, but he also pleads no facts regarding describing how frequently—if at all—each Medical Provider Defendant saw him, what he told each Medical Provider Defendant, and the acts or omissions of each Medical Provider Defendant—if any—regarding his treatment.  Under <u>Iqbal</u>, the Court cannot assume that each Medical Provider Defendant was liable for the misconduct Defendant alleges without some factual basis for making such an inference.  Moreover, instead of reciting facts, Plaintiff only alleges that each Medical Provider Defendant committed the elements of the constitutional violation at issue, which is also proscribed by <u>Iqbal</u>.  <u>See</u> <u>id.</u> ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff's Amended Complaint alleges that Dr. Phillips supervised the medical staff at the prison.  Yet Plaintiff alleges no facts regarding Dr. Phillips' role in Plaintiff's treatment or denial of treatment and no facts regarding Dr. Phillips role in directing others to treat or deny

treatment to Plaintiff.  See Santiago, 629 F.3d at 130 (noting that in order to plead a supervisory liability claim under Iqbal, a plaintiff must allege the supervisor directed subordinates to violate plaintiff's rights, the subordinates actually violated plaintiff's rights, and there was a causal connection between the supervisor's direction and the violation).  The Amended Complaint contains no facts from which the Court can infer that Dr. Phillips played any role at all in Plaintiff's treatment.  Indeed, the only specific factual allegations against medical providers in Plaintiff's Amended Complaint are against Dr. Marc Awobuluyi and unidentified physicians, who are alleged to have negligently and/or intentionally misrepresented that the x-ray of Plaintiff's wrist did not indicate a fracture.  No allegations of similar specificity are made against the Medical Provider Defendants.  Accordingly, Plaintiff's § 1983 claim against the Medical Provider Defendants for violation of his Due Process rights under the Fourteenth Amendment will be dismissed without prejudice, with leave to amend.

### 2.  Pennsylvania State Law Negligence Claim Against Dr. Phillips

Dr. Phillips also moves to dismiss Plaintiff's state law medical malpractice claims against him (Count V[5] of the Amended Complaint) for failure to state a claim and to file a certificate of merit ("COM") under Pennsylvania law.[6]  Pennsylvania Rule of Civil Procedure 1042.3 requires that, in any action arising from a claim that a "licensed professional deviated from an acceptable professional standard," the plaintiff or his attorney must file a certification within 60 days of the filing of the complaint that "an appropriate licensed professional" has stated in writing that a reasonable probability exists that the defendant's conduct was "outside acceptable professional standards."  Pa. R. Civ. P. 1042.3(a)(1).

---

[5] This is incorrectly designated as Count IV in the Amended Complaint.
[6] The Medical Provider Defendants ask that this claim also be dismissed as to Ms. Craig and Ms. Mullan.  However, the Amended Complaint indicates that Plaintiff did not bring this state law claim against those defendants.

In a not precedential decision, the Third Circuit held that the Pennsylvania COM requirement is substantive state law that must be applied by federal district courts in cases based on diversity or supplemental jurisdiction. Booker v. United States, 366 F. App'x 425, 426 (3d Cir. 2010) (not precedential) (citing Chamberlain v. Giampapa, 210 F.3d 154, 158-61 (3d Cir. 2000). Failure to file a COM within 60 days will result in dismissal, unless the plaintiff can provide a "reasonable explanation" for non-compliance. Perez v. Griffin, 304 F. App'x 72, 74 (3d Cir. 2008) (citing Womer v. Hilliker, 908 A.2d 269, 279-80 (Pa. 2006). However, federal courts have also recognized that the enforcement provisions of the COM requirement under Pennsylvania Rule of Civil Procedure 1042.6 are "procedural" and not applicable in federal court. Stroud v. Abington Mem'l Hosp., 546 F. Supp. 2d 238, 250 (E.D. Pa. 2008); Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 511 (E.D. Pa. 2004). Accordingly, the appropriate federal remedy for failure to comply with Rule 1042.3 is the filing of a motion to dismiss the claim without prejudice under Fed. R. Civ. P. 12(b)(6). See Stroud, 546 F. Supp. 2d at 250.

Plaintiff has not filed a COM within 60 days of filing his complaint. Plaintiff provides no "reasonable explanation or legitimate excuse" for his failure to file a COM. See id. Rather, Plaintiff contends incorrectly that Rule 12(b)(6) motions are inappropriate vehicles to dismiss a claim based on failure to file a COM. Plaintiff also argues that a claim for professional negligence should only be dismissed for failure to file a COM if the defendant can show prejudice. However, this is not a requirement for dismissal. Rather, in Scaramuzza, on which Plaintiff relies, the undersigned denied a motion to dismiss for failure to file a COM, finding the failure to file excusable because the Third Circuit had not at that time expressly determined that the COM requirement was to be applied as substantive state law in diversity actions. See Scaramuzza, 345 F. Supp. 2d at 511. The court also noted that the plaintiff had filed an untimely

COM during the pendency of the motion to dismiss, and since the remedy for failure to file was dismissal of the action without prejudice, dismissal would have only resulted in "paper shuffling and undue delay" because plaintiff would have just re-filed the suit with the COM.  See id. at 511-12.  In this case, however, Plaintiff has yet to file a COM, despite noting in his response brief that one would be forthcoming.

Because Plaintiff has failed to file a COM as required under Pennsylvania law for a negligence action against a licensed professional, Plaintiff's medical malpractice claim against Dr. Phillips will be dismissed without prejudice, with leave to amend.

### III. Conclusion

Plaintiff's Monell claim against Delaware County and CEC will be dismissed without prejudice, with leave to amend, for failure to state a claim.  Plaintiff's claims against the Medical Provider Defendants under § 1983 will also be dismissed without prejudice, with leave to amend, for failure to plead sufficient facts as to each Medical Provider Defendants' role in the acts or omissions related to Plaintiff's treatment.  Finally, the Pennsylvania state law negligence claim against Dr. Phillips will be dismissed, without prejudice, with leave to amend, for failure to file a COM as required under Pennsylvania law.

An appropriate Order follows.

O:\CIVIL 14\14-4833 cloyd v. del cty\Memo.MTD.31715.docx