IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WILLIAM CLOYD<br><br>v.<br><br>DELAWARE COUNTY, ET AL. | CIVIL ACTION<br><br>NO. 14-4833 |
|---|---|

**MEMORANDUM RE DEFENDANTS' MOTIONS TO DISMISS**

**Baylson, J.**                                                                                               **September 10, 2015**

      This case involves allegations that Plaintiff William Cloyd, a pretrial detainee at a Delaware County, Pennsylvania, correctional facility, was denied adequate medical care for a broken wrist sustained during his detention. On March 23, 2015, the Court dismissed Plaintiff's claims with leave to amend (ECF 22), concluding that Plaintiff had failed to state a claim under Fed. R. Civ. P. 12(b)(6). See Cloyd v. Delaware Cnty., No. 14-4833, 2015 WL 1312524 (E.D. Pa. Mar. 23, 2015).

      Plaintiff filed a Second Amended Complaint on April 6, 2015 (ECF 24). In response, two separate sets of Defendants again moved to dismiss Plaintiff's claim under Fed. R. Civ. P. 12(b)(6). Delaware County and Community Education Center, Inc. ("CEC")[1] moved to dismiss Plaintiff's claim under Monell v. Department of Social Services, 436 U.S. 658 (1978), and 42 U.S.C. § 1983. Defendants Dr. Ronald Phillips, Holly Craig, CRNP, and Kelly Mullan, PA-C1 (the "Medical Provider Defendants") moved to dismiss Plaintiff's claims under § 1983 for provision of inadequate medical care in violation of the Fourteenth Amendment, for negligence under Pennsylvania state law, and for punitive damages.

---

[1] Plaintiff alleges CEC is contracted by Defendant Delaware County to provide medical care to inmates and is subject to suit under Monell and § 1983. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 578 (3d Cir. 2003) (applying Monell to a suit against "a private company that provides health services to . . . inmates"). Defendants do not contest that CEC is subject to suit under Monell and § 1983.

## I. Facts and Procedural History

Plaintiff's allegations, which the Court detailed in its prior Memorandum, stem from an August 19, 2012, incident at the George W. Hill Correctional Facility ("GHCF") during which Plaintiff was allegedly assaulted by another inmate and several unidentified correctional officers and suffered a broken wrist. See ECF 24, Pl.'s Second Am. Compl. ¶ 21. Plaintiff contends he was placed in isolation for ten days following the incident, despite repeated complaints to prison officials that his wrist required medical treatment. Id. ¶¶ 26-29.

After ten days in isolation, Plaintiff alleges he was transferred to a medical max unit, but he contends he received no treatment for approximately three weeks until his wrist was x-rayed. Id. ¶¶ 30-33. Plaintiff contends Dr. Marc Awobuluyi[2] and/or other unidentified physician defendants, who reviewed the x-ray, negligently and/or intentionally misrepresented that the x-ray of Plaintiff's wrist did not indicate a fracture, notwithstanding that Plaintiff's wrist was obviously injured and he was obviously in need of medical treatment. Id. ¶ 37. Plaintiff alleges Defendants failed to provide any medical care or treatment of his wrist, failed to immobilize it, and failed to give him pain medication. Id.

Following his September 19, 2012, release, Plaintiff's wrist was x-rayed at Delaware County Memorial Hospital, where Plaintiff alleges he was diagnosed with multiple fractures that had improperly healed, underwent two surgeries, and requires additional surgeries. Id. ¶¶ 42-45.

Plaintiff's Second Amended Complaint alleges (1) unconstitutional use of force by five unidentified correctional officers in violation of 42 U.S.C. § 1983; (2) bystander liability against the unidentified correctional officers in violation of 42 U.S.C. § 1983; (3) provision of inadequate medical care against the Medical Provider Defendants, Dr. Awobuluyi, and unidentified physicians and medical staff employees in violation of 42 U.S.C. § 1983; (4) Monell

---

[2] The parties stipulated to the dismissal of Dr. Awobuluyi as a defendant on June 2, 2015 (ECF 30).

liability against Delaware County and CEC under 42 U.S.C. § 1983; and (5) negligence against CEC, Dr. Phillips, Dr. Awobuluyi, and an unidentified physician under Pennsylvania state law. Plaintiff's Second Amended Complaint includes several new paragraphs with additional factual support for Plaintiff's § 1983, negligence, and Monell claims. Many of these allegations focus on Dr. Phillips's role in treating Plaintiff and in managing medical care at GHCF.

On April 20, 2015, the Medical Provider Defendants moved to dismiss Plaintiff's Second Amended Complaint (ECF 26). Plaintiff filed a response on May 5, 2015 (ECF 28). On April 21, 2015, Delaware County and CEC moved to dismiss Plaintiff's Second Amended Complaint (ECF 27). Plaintiff filed a response on May 5, 2015 (ECF 29). On June 2, 2015, the parties stipulated to the dismissal of Dr. Awobuluyi from the case with prejudice (ECF 30).

## II. Analysis

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff. Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

**A.      Delaware County and CEC Motion to Dismiss Monell Claim**

Delaware County and CEC contend the allegations in Plaintiff's Second Amended Complaint are again insufficient to adequately plead a Monell claim and must be dismissed. Plaintiff argues that Delaware County and CEC are liable for his injuries because they resulted from a custom or policy of condoning deliberate indifference to inmates' serious medical needs.

Municipalities are subject to § 1983 liability under Monell only where the municipality itself causes a constitutional violation—a municipality is not subject to *respondeat superior* or vicarious liability under § 1983. Monell, 436 U.S. at 691. This holding has been extended to private companies performing municipal functions. See, e.g., Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003) (holding that a private company providing health services to inmates is acting under color of state law).

There are three situations in which the acts or omissions of a government employee may be deemed the result of a policy or custom of the government entity for which the employee works, and thereby render the government liable: (1) where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy"; (2) where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself"; and (3) where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." Natale, 318 F.3d at 584 (citations and internal quotation marks omitted).

In his response to the motion to dismiss filed by Delaware County and CEC, Plaintiff clarifies that he proceeds under the second prong of Natale. Plaintiff alleges that Dr. Phillips has final decision-making authority over inmates' medical treatment at GHCF and that he directly violated Plaintiff's right to adequate medical care through his actions. Accordingly, Plaintiff argues that under the second prong of Natale, this direct violation of his rights by the policymaker—Dr. Phillips—is sufficient to state a valid Monell claim. See id. at 575.

4

For purposes of a Monell claim, a policymaker is an official "whose acts or edicts may fairly be said to represent official policy." Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986) (quoting Monell, 436 U.S. at 694). Whether an official has final policymaking authority is a question of state law. Id. at 483. To conclude that an official is a policymaker for purposes of a Monell claim, a court must determine (1) whether, as a matter of state law, the official is responsible for making policy in the particular area of municipal business in question, and (2) whether the official's authority to make policy in that area is final and unreviewable. Hill v. Borough of Kutztown, 455 F.3d 225, 245-46 (3d Cir. 2006).

In a very similar case, Judge O'Neill of this Court denied in part a motion to dismiss a third amended complaint against Delaware County, CEC, and Dr. Phillips, alleging that they violated the rights of a GHCF inmate who also suffered a wrist injury. Simonds v. Delaware Cnty., No. 13-7565, 2015 WL 1954364, at *3-4 (E.D. Pa. Apr. 30, 2015). In Simonds, the plaintiff injured her wrist while on work release, was treated at a hospital, and was discharged to GHCF and placed under the medical care of CEC, Dr. Phillips, and other staff members. Id. at *1. The plaintiff alleged that although the hospital informed medical staff that she had to undergo an orthopedic evaluation of her wrist within three days, they deliberately ignored the hospital's order and held her for two months without treatment. Id.

Judge O'Neill denied the defendants' motion to dismiss the plaintiff's Monell claim under the second prong of Natale, finding that the plaintiff had adequately pleaded (i) that Dr. Phillips had final policymaking authority over the medical care at GHCF and (ii) that Delaware County and CEC were deliberately indifferent to the plaintiff's serious medical need based on Dr. Phillips's alleged failure to provide medical treatment to her. Id. at *3-4; see also Simonds v. Del. Cnty., No. 13-7565, 2015 WL 289974, at *3 (E.D. Pa. Jan. 21, 2015) ("At this early stage of

the proceeding and absent briefing by the parties on this question, I will not find as a matter of law that Dr. Phillips was not a final policymaker for Delaware County/CEC with respect to the alleged failure to provide medical treatment to plaintiff.").

The allegations in this case are very similar to Simonds. Here, as in Simonds, Plaintiff attempts to prove that Delaware County and CEC are liable under the second prong of Natale. Plaintiff alleges that Dr. Phillips, as the person with final decision-making authority over medical care and policy at GHCF, directly violated Plaintiff's constitutional right to adequate medical care by denying the necessary treatment for his wrist. See ECF 24, Pl.'s Second Am. Compl. ¶ 36. Plaintiff alleges that Dr. Phillips "had final decision making authority at GHCF for all policy and procedure regarding the medical care and treatment of inmates housed at the facility" and notes that he is suing Dr. Phillips in both his individual capacity and official capacity as the person with final decision-making authority at GHPI. Id. ¶ 80. He further alleges that Dr. Phillips directly violated his "right to adequate medical care" by allegedly condoning, acquiescing in, and participating in a policy of "deliberate indifference to serious medical needs of inmates/pretrial detainees." Id. ¶¶ 80, 82, 87.

Because of Plaintiff's additional factual averments regarding Dr. Phillips's role as policymaker for GHCF with regard to inmates' medical care and his role in treating Plaintiff, Plaintiff's Second Amended Complaint pleads a plausible claim against Delaware County and CEC. Accordingly, the motion to dismiss of Delaware County and CEC will be denied.

**B.  Medical Provider Defendants' Motion to Dismiss**

The Medical Provider Defendants again move to dismiss Plaintiff's § 1983 claim for failure to state a claim that Medical Provider Defendants violated Plaintiff's constitutional rights

under the Due Process Clause of the Fourteenth Amendment. Dr. Phillips also moves to dismiss the state law negligence claim against him (Count V[3] of the Amended Complaint).

Plaintiff is a pretrial detainee whose claims are properly evaluated under the Due Process Clause of the Fourteenth Amendment, not the cruel and unusual punishment clause of the Eighth Amendment. See Hubbard v. Taylor, 399 F.3d 150, 158, 166-67 (3d Cir. 2005). However, the Third Circuit has continued to use the Eighth Amendment deliberate indifference standard to evaluate claims of inadequate medical care advanced by pretrial detainees. See, e.g., Lenhart v. Pennsylvania, 528 F. App'x 111, 115 (3d Cir. 2013) (not precedential); Brown v. Deparlos, 492 F. App'x 211, 214 (3d Cir. 2012) (not precedential). Accordingly, in order to state a Fourteenth Amendment claim of inadequate medical care, a plaintiff must allege that a defendant acted with deliberate indifference to his serious medical needs. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 243-44 (1983); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976) (holding the Eighth Amendment is violated by "deliberate indifference to serious medical needs of prisoners"); Hubbard, 399 F.3d at 166 ("[T]he due process rights of a [pre-trial detainee] are *at least* as great as the Eighth Amendment protections available to a convicted prisoner." (quoting City of Revere, 463 U.S. at 244) (emphasis in original)).

A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.3d 326, 347 (3d Cir. 1987) (internal quotation marks and citation omitted). A "serious medical need" is also one for which the denial of treatment results in "unnecessary and wanton infliction of pain" or permanent disability or loss. Id. (internal quotation marks and citation omitted).

---

[3] This is incorrectly designated as Count IV in the Amended Complaint.

"Deliberate indifference is a 'subjective standard of liability consistent with recklessness as that term is defined in criminal law.'" Natale, 318 F.3d at 582 (quoting Nicini v. Mora, 212 F.3d 798, 811 (3d Cir. 2000)). A finding of deliberate indifference requires proof that a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. The Third Circuit has found deliberate indifference, among other examples, (i) where there was "objective evidence that [a] plaintiff had serious need for medical care," and prison officials ignored that evidence, Nicini, 212 F.3d at 815 n.14; (ii) where "necessary medical treatment is delayed for non-medical reasons," Lanzaro, 834 F.2d at 347, and (iii) where there was evidence of the failure to establish a policy to address the medication needs of inmates during the first 72 hours of their incarceration, Natale, 318 F.3d at 584-85. However, "a complaint that a physician has been negligent in diagnosing and treating a medical condition does not state a valid claim of medical mistreatment." Estelle, 429 U.S. at 106. Nor does the "mere disagreement as to the proper medical treatment" support a claim of inadequate medical care. Lanzaro, 834 F.2d at 346.

The allegations against the Medical Provider Defendants in Plaintiff's Second Amended Complaint are similar to the allegations that the Court found deficient in Plaintiff's Amended Complaint. In evaluating the Amended Complaint, the Court held that Plaintiff failed to plead specific facts regarding the acts or omissions of each Medical Provider Defendant with regard to the treatment of Plaintiff's broken wrist. See Cloyd, 2015 WL 1312524 at *5. Under Iqbal, the Court noted that it cannot assume that each Medical Provider Defendant was liable for the misconduct Plaintiff alleged without some factual basis for making such an inference. Id.

8

Plaintiff has corrected that deficiency in the Second Amended Complaint with regard to Dr. Phillips by adding specific allegations that Dr. Phillips "had knowledge of Plaintiff's injury and the seriousness of his medical condition from the day Plaintiff's wrist was broken" and that he "denied Plaintiff any medical care and treatment" and ordered other medical providers to also deny Plaintiff treatment. ECF 24, Pl.'s Second Am. Compl. ¶ 35. Plaintiff also alleges that Dr. Phillips was the person with final decision-making authority over medical care at GHCF. Id. ¶ 36. The Second Amended Complaint sufficiently states § 1983 claims against Dr. Phillips. Viewing the allegations in the light most favorable to Plaintiff, Dr. Phillips knew Plaintiff's wrist was severely injured and he was in pain yet delayed treatment and imaging for three weeks.[4]

The Second Amended Complaint has failed, however, to correct the pleading deficiencies as to Ms. Craig and Ms. Mullan. The allegations against these two defendants remain only generalized claims as originally brought against all the medical providers. Plaintiff fails to provide any specific facts regarding the acts or omissions of Ms. Craig or Ms. Mullan. Viewing the allegations in the light most favorable to Plaintiff, Ms. Craig and Ms. Mullan may have been involved in some way with his treatment or lack of treatment, but the extent of that involvement (if any) is still vague, and they did not have overall responsibility for the treatment of inmates at GHCF.

Accordingly, the Medical Provider Defendants' Motion to Dismiss will be denied as to Dr. Phillips but will be granted with prejudice in favor of Ms. Craig and Ms. Mullan.

### III. Conclusion

The Court will deny the motion of Delaware County and CEC to dismiss the Monell claim because, under Natale, Plaintiff pleads a plausible claim against them in light of the

---

[4] In light of Plaintiff's allegation that Dr. Phillips knew of his broken wrist and denied him appropriate medical treatment, the Court will deny the Medical Provider Defendants' motion to dismiss Plaintiff's claim for punitive damages as to Dr. Phillips.

allegations of Dr. Phillips's role as policymaker for GHCF regarding inmates' medical care. The Court will also deny the Medical Provider Defendants' motion to dismiss the § 1983, negligence, and punitive damages against Dr. Phillips, but will grant that motion with prejudice as to Ms. Craig and Ms. Mullan.

An appropriate Order follows.

O:\CIVIL 14\14-4833 cloyd v. del cty\14cv4833.Memo.MTD.2dAmend.9.9.15.docx